# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE J. GRIFFIN, JR.,

    Petitioner,

v.

WARDEN MR. EBBERT,

    Respondent.

CIVIL ACTION No. 3:07-CV-2239

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Petitioner has been incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone") since June 4, 2008. Before being transferred to FCI-Sandstone, and at the time his habeas petition was filed, Petitioner was incarcerated at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania ("FCI-Allenwood"). Prior to being transferred to FCI-Allenwood, Petitioner was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"). In his habeas petition, Petitioner raised claims that he was denied procedural due process during a disciplinary action brought against him during his incarceration at FCI-Fort Dix. The outcome of this disciplinary action resulted in the Petitioner's involuntary transfer and placement in "medium (high)" custody rather than "minimum custody" and resulted in the forfeiture of Good Conduct Time toward his federal sentence. (*See* Doc. 1.)

On January 30, 2009, this Court entered a Memorandum and Order denying, without prejudice, Petitioner's Petition for Writ of Habeas Corpus and corresponding Motion for Summary Judgment. (Doc. 18.) The Court explained that,

1

> "The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, *see also* § 2243 . . .. '[T]hese provisions contemplate a proceeding against some person who has the *immediate* custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Rumsfeld v. Padilla*, 542, U.S. 426, 434-435 (2004) (emphasis in original) (citations omitted). "[I]n habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held, not . . . some other remote supervisory official." *Id*. at 435 (citations omitted).
>
> In the current case, Respondent Ebbert, the warden at FCI-Allenwood, is not in immediate custody of Petitioner, and thus, does not have the power to produce the Petitioner before this Court, a power held by the warden of FCI-Sandstone. FCI-Sandstone is located in Minnesota, and since this Court lacks jurisdiction to grant a writ of habeas corpus outside the Middle District of Pennsylvania, this action will be dismissed without prejudice.

(Memorandum and Order, Doc. 18, pp. 3-4.)

On February 9, 2009, Petitioner filed the Motion for Reconsideration (Doc. 19) currently before the Court. On March 3, 2009, Respondent filed a "Motion for Leave to File Respondent's Brief in Opposition to Petitioner's Motion for Reconsideration *Nunc pro Tunc*" (Doc. 20). The Court granted this motion on March 5, 2009 (Doc. 22) and Respondent's Brief in Opposition (Doc. 23) was filed that same day. On March 16, 2009, Petitioner filed a "Motion to Oppose the Respondent's Brief in Opposition and/or to Strike Respondent's Brief as Untimely." (Doc. 24.) Accordingly, Petitioner's Motion for Reconsideration has been thoroughly briefed and is now ripe for disposition.

In his Motion for Reconsideration, Petitioner contends that the Court erred when dismissing his habeas corpus petition due to an alleged lack of jurisdiction. Petitioner makes this argument on the basis that he was incarcerated within the Middle District of Pennsylvania at the time he filed his habeas petition, and on the basis of the Supreme

2

Court's statement that "[s]o long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973).

The Supreme Court recently revisited this issue in its decision in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). In this case the Supreme Court stated that

> [t]he proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts. . . : Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

*Padilla*, 542 U.S. at 446-447. The *Padilla* Court also noted the *Braden* Court's relaxation of the "district of confinement rule when 'American citizens confined overseas (and thus outside the territory of any district court) have sought relief in habeas corpus.'" *Id.* at 447 n. 16 (quoting *Braden*, 410 U.S., at 498.)

The Court, accordingly, finds that the present case does not warrant an exception to the general rule that a § 2241 habeas petitioner challenging his present physical custody within the United States should name his warden as a respondent and file the petition in the district of confinement. The Petitioner in this action is currently confined within the United States, is within the jurisdiction of a district court, and is free to bring his petition within the District of Minnesota where he is currently confined. For this reason, the Court finds no manifest error of law or fact and no newly discovered evidence warranting reconsideration

3

of the Court's January 30, 2009 Memorandum Order dismissing Petitioner's habeas corpus petition, without prejudice, for lack of jurisdiction. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.").

For this reason, NOW this 24th day of March, 2009, it is hereby **ORDERED** that Petitioner's Motion for Reconsideration (Doc. 19) and Motion to Oppose/Strike Respondent's Brief (Doc. 24) are **DENIED**.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge