UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIE J. GRIFFIN, JR., | Civil No. 10-3425 (JNE/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mr. EBBERT, | |
| FCI Allenwood Medium, Warden, | |
| Respondent. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket No. 1.)  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be transferred to the United States District Court for the Southern District of Mississippi, pursuant to 28 U.S.C. § 1631.

I.    **BACKGROUND**

Petitioner is a federal prisoner.  However, his current habeas corpus petition does not challenge the conviction and sentence for which he is in prison.  Instead, Petitioner is claiming that he has been wrongly deprived of certain "good time credits," and as a result, the federal Bureau of Prisons, ("BOP"), intends to keep him in prison beyond the date when he should be released.  Petitioner presumably is seeking a writ of habeas corpus that would compel the BOP to reinstate his lost good time credits, and move up his projected release date.

The incident that caused Petitioner to lose the good time credits at issue in this case apparently occurred while he was confined at the Federal Correctional Institution in Fort Dix, New Jersey.  However, when Petitioner commenced this action, in December 2007, he was incarcerated at the Federal Correctional Institution in Allenwood, Pennsylvania, ("FCI-Allenwood"), which is located in the Middle District of Pennsylvania. Therefore, Petitioner filed his current § 2241 habeas corpus petition in the United States District Court for the Middle District of Pennsylvania.

Although Petitioner was incarcerated at FCI-Allenwood when he commenced this action, he was transferred to the Federal Correctional Institution in Sandstone, Minnesota, ("FCI-Sandstone"), before his current habeas petition was fully adjudicated.  After Petitioner was transferred to FCI-Sandstone, the District Court for the Middle District of Pennsylvania determined that his habeas corpus petition should be dismissed for lack of jurisdiction. (Order dated January 30, 2009; [Docket No. 18].)  Petitioner appealed that ruling, and the Third Circuit Court of Appeals reversed the dismissal order.  (Order dated December 2, 2009; [Docket No. 28].)  However, the Court of Appeals also directed the Pennsylvania District Court to transfer this case to the District of Minnesota, because Petitioner was then incarcerated at FCI-Sandstone, located here in Minnesota.  The Court of Appeals explained that "we summarily vacate the order of the District Court dismissing Appellant's § 2241 petition, and remand to the District Court with instructions to use its inherent power to transfer the case to the United States Court for the District of Minnesota."  (Id.)

In accordance with the Third Circuit's directive, the Pennsylvania District Court transferred this case to this District on August 10, 2010.  (Order dated August 9, 2010; [Docket No. 30].)   The case was received and filed in the District of Minnesota on

August 11, 2010.  By that time, however, Petitioner had already been transferred out of Minnesota.

On August 2, 2010 – nine days before this action became filed in this District – Petitioner was transferred to the United States Penitentiary in Marion, Illinois, ("USP-Marion").  (Declaration of Angela Buege, [Docket No. 36], p. 1, ¶ 3.)  Petitioner arrived at USP-Marion on August 3, 2010, and he remained there until April 18, 2011, at which time he was transferred to the Federal Correctional Institution in Yazoo City, Mississippi, ("FCI-Yazoo City").  (Id.)  Petitioner is still incarcerated at FCI-Yazoo City at this time.

This Court now finds that Petitioner's current habeas corpus petition cannot be heard and decided in the District of Minnesota.  Because Petitioner was not confined in Minnesota when his petition was filed here, the District of Minnesota does not have jurisdiction in this matter.

## II.   DISCUSSION

It is well-settled that "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court."  United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977).  See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).  It is also well-settled that, for habeas corpus purposes, the term "custodian" normally means the official in charge of the facility where the petitioner is detained -- i.e., the prison warden.  McCoy, 537 U.S. at 964 ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated").  It follows that "a petition under 28 U.S.C. § 2241

3

challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated." United States v. Chacon-Vega, 262 Fed.Appx. 730, 731 (8th Cir. 2008).

       In this case, Petitioner properly filed his habeas corpus petition in the District in which he was incarcerated at the time of filing – i.e., the Middle District of Pennsylvania. That court retained jurisdiction over the case until the file was received here in the District of Minnesota on August 11, 2010. Integrated Health Services of Cliff Manor, Inc. v. THCI Co., LLC, 417 F.3d 953, 957 (8th Cir. 2005) (""[o]ur circuit takes the view that the physical receipt of the file in the transferee court is the event that signals the end of jurisdiction in the transferor court"") (quoting Midwest Motor Express, Inc. v. Central States Southeast, 70 F.3d 1014, 1016 (8th Cir.1995)), cert. denied, 517 U.S. 1203 (1996)).

       However, when this case was filed in this District, (pursuant to the transfer order entered in the Middle District of Pennsylvania), neither Petitioner, nor his custodian at the time, was located in Minnesota. Therefore, the District of Minnesota lacked jurisdiction in this matter as of the date when the case was filed here (via the transfer). United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987) (habeas corpus petition was not properly filed in the Eastern District of Missouri, because petitioner was not confined in that district at the time); Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (district court correctly concluded that it lacked jurisdiction to hear habeas petition challenging the manner in which petitioner's sentence was being executed, because petitioner was confined in a different district); Propotnik v. Putman, 538 F.2d 806, 807 (8th Cir.1976) (district court lacked jurisdiction over § 2241 habeas petition filed by petitioner who was incarcerated in another district when the petition was filed); Schmitt v. Brennan, No. 94-1558 (8th Cir. 1994), 1994 WL 517256 (unpublished opinion) at * 1 (district court lacked

4

jurisdiction to entertain § 2241 habeas corpus petition challenging the execution of petitioner's sentence, because petitioner "did not... file the action in the district in which he was then confined").

The Court recognizes, of course, that Petitioner himself did not file the present action in this District, but rather, the case was transferred to this District pursuant to an order entered in the Middle District of Pennsylvania. The fact remains, however, that when this case was filed here in Minnesota, on August 11, 2010, neither Petitioner, nor his immediate custodian at the time, was located in this District. As of August 11, 2010, both Petitioner and his then custodian, (the Warden at FCI-Marion), were in the Southern District of Illinois, where FCI-Marion is located. Because neither Petitioner nor his custodian was located in Minnesota when this action was filed here, our District Court did not have jurisdiction at that time. Moreover, nothing has happened since this action was filed in our District Court that would have caused jurisdiction to exist in this District. Simply put, the District of Minnesota has never had jurisdiction in this matter.

Because the District of Minnesota lacks jurisdiction in this matter, Petitioner's current habeas corpus petition cannot be heard and decided here. However, the Court will <u>not</u> recommend that this action be dismissed for lack of jurisdiction. The Court finds that the interests of justice would be better served by transferring this matter to the proper district pursuant to 28 U.S.C. § 1631.[1]  Petitioner filed this action in the correct place, and he had

---

[1] 28 U.S.C. § 1631 provides that:

"Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action

no control over the sequence of events that caused him to be removed from Minnesota before his case was filed here.  Petitioner did not choose the date when his case would be transferred into Minnesota, nor did he choose the date when he would be transferred out of Minnesota.  Moreover, Respondent has advocated that this case should be transferred, rather than dismissed.  ("Government's Memorandum in Response to Magistrate's Order," [Docket No. 34], p. 11.[2])

Given the unusual circumstances presented in this case, the Court finds that it would not be appropriate to dismiss this case.  It would be more appropriate to transfer the case to the District that would now have jurisdiction in this matter  – namely the Southern District of Mississippi, where Petitioner, and his current custodian, (the warden at FCI-Yazoo City), are now located.

The Court will therefore recommend that the Clerk of Court be directed to transfer this case to the United States District Court for the Southern District of Mississippi.  After the case has been transferred, the transferee court can then determine (a) whether there should be a substitution of parties, so that Petitioner's current custodian becomes the named Respondent in this case, and (b) whether the Respondent should be required to file

---

or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

[2] Respondent has suggested that this action should be transferred to the Southern District of Illinois, because, at the time of that suggestion, Petitioner was incarcerated at FCI-Marion, which is located in the Southern District of Illinois.  However, Petitioner was subsequently transferred from FCI-Marion to FCI-Yazoo City.  In light of that subsequent transfer, Respondent presumably would now suggest that this action be transferred to the District in which FCI-Yazoo City is located, i.e., the Southern District of Mississippi.

6

a renewed response to Petitioner's pending habeas corpus petition.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this case to the United States District Court for the Southern District of Mississippi.

Dated:         June 1, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 15, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.