IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIE J. GRIFFIN, JR.                                                             PETITIONER

VS.                                                         CIVIL ACTION NO. 5:11-cv-96-DCB-RHW

WARDEN MR. EBBERT                                                              RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner filed this civil action on December 10, 2007, in the United States District Court for the Middle District of Pennsylvania when he was incarcerated at the Federal Correctional Institute in White Deer, Pennsylvania ("FCI Allenwood"). Pet. [1]. However, that Court transferred the instant civil action to the United States District Court of Minnesota when Petitioner was transferred to a federal facility in Sandstone, Minnesota, prior to fully adjudicating his habeas request in the District Court for the Middle District of Pennsylvania. See Order [30]. On June 28, 2011, the instant civil action was transferred to this Court as a result of the United States District Court for Minnesota finding that the petitioner is now incarcerated at the Federal Correctional Institute in Yazoo City, Mississippi ("FCI Yazoo"). Order [38].

Petitioner contends that he was wrongfully deprived of certain "good time credits" while incarcerated at Fort Dix, New Jersey. As a result, the alleged deprivation of his good time credits has resulted in Petitioner being incarcerated beyond the date he should be released.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). Petitioner is clearly attacking the execution of his sentence, *i.e.*, the Bureau of Prisons has wrongfully deprived him of good time credits resulting in him being

incarcerated longer than he should be, which is properly filed as a § 2241 petition. Title 28 U.S.C. § 2241 states "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241. The United States Court of Appeals for the Fifth Circuit has held that jurisdiction attaches at the time the petition for habeas relief is filed. Lee v. Wetzel, 244 F.3d 370, 375 n. 5 (5th Cir. 2001); see also, United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990)(holding that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian")(emphasis added). Moreover, jurisdiction is not destroyed as a result of petitioner being transferred to another prison. See McClure v. Hopper, 577 F.2d 938, 939-40 (5th Cir. 1978). This Court finds that at the time the petitioner filed the instant civil habeas action he was incarcerated in FCI Allenwood, Pennsylvania. Therefore, since jurisdiction attached at the time the petitioner filed the instant petition and he was incarcerated in Pennsylvania, this Court does not have jurisdiction to address the constitutional issues presented by petitioner in the instant request for habeas relief pursuant to 28 U.S.C. § 2241.

As stated above, this Court does not have jurisdiction to entertain the petitioner's challenge to the execution of his sentence pursuant to 28 U.S.C. § 2241 and thus, the instant civil action will be dismissed without prejudice. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). In the event the petitioner wishes to pursue this claim, he may do so by filing a new § 2241 habeas petition in the district court that has jurisdiction over his present custodian.

SO ORDERED this the    4th    day of August, 2011.

        s/ David Bramlette
    UNITED STATES DISTRICT JUDGE