IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIE J. GRIFFIN, JR.                                                                                  PETITIONER

VERSUS                                                             CIVIL ACTION NO. 5:11-cv-96-DCB-RHW

MR. EBBERT, Warden                                                                                  RESPONDENT

ORDER DENYING PETITIONER'S MOTION TO RECONSIDER

BEFORE THE COURT is petitioner's Motion for Reconsideration [42] filed August 24, 2011.  Petitioner moves the Court to reconsider the Memorandum Opinion [40] and Final Judgment [41] of dismissal entered on August 16, 2011.  Having considered the issues raised in the motion [42], the Court finds that the motion [42] is not well-taken and should be denied.

Although a "motion for reconsideration" is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b).  *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(*citing Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990),(*abrogated on other grounds*).  Since petitioner's motion [42] was filed within 28 days of the Court's Final Judgment [41], his request will be reviewed pursuant to Rule 59(e).

In order to obtain relief petitioner "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003)(citation omitted).  The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court should consider the following non-inclusive factors:  (1) the reasons for the plaintiffs'

default;  (2) the importance of the evidence to the plaintiffs' case;  (3)  whether the evidence was available to the plaintiffs before they responded to the underlying motion; and  (4)  the likelihood that the defendants will suffer unfair prejudice if the case is reopened.  *Sturges v. Moore*, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion.  *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  *Id.* at 626.

Petitioner argues in his motion [42] that "this Court has committed an error of law based upon" its conclusion that it lacks jurisdiction to consider the instant § 2241 petition for habeas relief because it did not have jurisdiction of the instant petition when it was filed on December 10, 2007.  As discussed in the Memorandum Opinion and Order [40] entered by this Court, under the law of the United States Court of Appeals for the Fifth Circuit, the only district that may consider a § 2241 habeas petition is the district in which the prisoner is confined **at the time he filed** his § 2241 petition.  *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001).  When the petitioner filed the instant civil action on December 10, 2007, he was incarcerated in a federal correctional facility located in the United States District Court for the Middle District of Pennsylvania.  *See* Mem. Op. [40].  Therefore, after thorough consideration of the motion [42] submitted, the entire court record and relevant case law, the Court concludes that petitioner has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Accordingly, it is hereby,

ORDERED that petitioner's Motion for Reconsideration [42] is **denied.**

SO ORDERED this the   29th   day of September  , 2011.

                            s/David Bramlette
                            UNITED STATES DISTRICT JUDGE